## CASE NO. 04-14-00483-CV

ROWLAND J. MARTIN,
INDIVIDUALLY AND AS
ADMNISTRATOR OF THE ESTATE
OF JOHNNIE MAE KING,
    Appellant

v.

EDWARD BRAVENEC AND 1216
WEST AVE., INC.
    Appellees

) IN THE COURT OF APPEALS
)
)
)
)
)
) FOURTH JUDICIAL DISTRICT
)
)
)
) BEXAR COUNTY, TEXAS

FILED
2015 JAN 30 PM 4:32
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

### APPELLANT'S ADVISORY TO THE COURT AND
### NOTICE OF AMENDMENTS TO APPELLANT'S OPENING BRIEF

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

NOW COMES ROWLAND J. MARTIN, JR., Appellant in the above entitled and numbered cause, and files this, his *"Advisory to The Court And Notice of Amendments To Appellant's Opening Brief,"* in support of which the following is shown:

Notice is hereby given that Appellant has filed an *"Expedited Amended Motion To Strike,"* in which Appellant requests the Fifth Circuit Court of Appeals to strike Appellees' Responding Brief in Fifth Circuit Case No. 14-50093. *See, Exhibits A, B and C*. The motion advises the U.S. Court of Appeals that Appellees are parties to a Strategic Lawsuit Against Public Participation, (SLAPP) and that Appellees' attempt to invoke appellate jurisdiction is unwarranted insofar as their Responding Brief asks that Court to apply the collateral order rule to grant untimely and unsupported requests for affirmative relief involving Western District Case No. SA 11 –CV-0414 in the pending collateral review in Case No. 14-50093. Out of an abundance of caution to reserve all lines of argument, and to avoid unintended waivers in connection with a future reply brief, Appellant requests notice that his opening brief is hereby

1

amended. Alternatively, Appellant moves the Court for leave to amend with instructions. In either case, the following points are submitted for incorporation by reference into the opening brief, subject to such instructions and terms as the Court may provide:

1. That Appellant alleges a seventh point of error arising from the trial court's decision to sustain Appellees' qualified objections to cross examination of Appellee Bravenec leading to an admission that he had no knowledge of the concept of a third party purchase money lien. *See Court Reporter's Transcript for Hearings On July 9, 2014 at p. 53, lines 5 to 15.* Bravenec's testimony admitting lack of knowledge about the concept of a third party purchase money liens directly supports Appellant's contention the lis pendens expunction orders that Bravenec previously secured are inherently non-dispositive of the validity of purchase money lien covenants that allegedly run with the land. See, 2-12 Powell on Real Property § 17.04[3] (2013); Restatement (Second) of Property, Land. & Ten. §16.1 (1977). In this context, "third party purchase money lien" transaction means a transaction where a promisor-transferee agrees to satisfy an obligation that the promisee owes to a purchase money creditor beneficiary of the deed contract, and the third party creditor beneficiary has a direct right of action against the promisor and the promisee. Restatement (Second) of Contracts § 302(1)(a). *See, Excel Willowbrook, LLC v. J.P. Morgan Chase Bank,* Case No. 12-20367 (5th Cir. April 24, 2014) (applying federal common law under *Smith v. EMC Corp.,* 393 F.3d 590, 597 (5th Cir. 2004) ); see also, Restatement (First) of Contracts § 136 (1932) ("[A] promise to discharge the promisee's duty creates a duty of the promisor to the creditor beneficiary to perform the promise.").

2. That points of error one through six in Parts I, II and III of Appellant's Amended Brief are enlarged to show that the trial court order of injunction, if not moot from its inception and prior to its ultimate disintegration on December 8, 2014, was an impermissible content-based regulation of future protected speech on third party purchase money covenants subject to review under *Kinny v. Barnes,* Case No. 13-0043 (Tex., 2014),* as a prohibited prior restraint. *Cf., Rose v. Rothrock,* Case No.  08-3884 (E.D. Penn, 2009).*[1]

---

[1]      Copies of unpublished cases marked by an asterisk are included in the Supplemental Appendix. In *Kinney,* the plaintiff sought a permanent injunction preventing the defendant from further making further defamatory statements and making the defendant remove defamatory statements.   The court of appeals had concluded that granting temporary injunctions preventing additional defamatory statements were unconstitutional prior restraints of free speech. The Supreme Court of Texas clarified that, while "a permanent injunction requiring the removal of posted speech that has been adjudicated defamatory is not a prior restraint, an injunction prohibiting future speech based on that adjudication impermissibly threatens to sweep protected

3. That points of error one through six in Parts I, II and III of Appellant's Amended Brief are enlarged to cite persuasive authority for the conclusion that a TCPA automatic stay divests the plenary jurisdiction of a reviewing trial court. *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005) appealed in Super. Ct. No. CV780187 (Cal. 2005) (interpreting Anti-SLAPP automatic stay to divest trial court jurisdiction) According to *Varian*, Appellees violated the TCPA's automatic stay on July 17, 2014 by requesting a written injunction order, and on December 8, 2014 by requesting discovery sanctions.

4. That points of error one through six in Parts I, II and III of Appellant's Amended Brief are enlarged to reflect that the filing of Appellees' Responding Brief in Fifth Circuit Case No. 14-50093 operates as an adjunct legal action within the TCPA, and that the Court's TCPA mandate warrants notice of unauthorized post-stay SLAPP proceedings in Fifth Circuit Case 14-50093. *Jones v. Beckman*, 2007 Cal. App. LEXIS 8326 (Cal. App., 2007)\*. *See "Expedited Amended Motion To Strike" in Supplemental Appendix*. Further, as an intermediate state appellate court, this Court is bound only by Texas Supreme Court and the United States Supreme Court precedent, and therefore is not obligated to defer to Appellees' non-justiciable arguments for affirmative relief in Fifth Circuit Case 13-50070. *Chisholm v. Chisholm*, Case No. 04-06-00504-CV (Tex. App., San Antonio, May 23, 2007); *Anderson v. Law Firm of Shorty, Dooley & Hall*, (E.D. La. Feb 17, 2010) affirmed in 393 Fed. Appx. 214 (5th Cir. Aug. 26, 2010) (separate transaction rule)

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court

grant relief in all things, for such other relief both in law and in equity as he may be justly

entitled.

Dated: January 30, 2015 Pm

Respectfully Submitted,

Rowland J. Martin
951 Lombrano
San Antonio, Tx. 78207
(210) 323-3849

---

speech into its prohibition and is an unconstitutional infringement on Texans' free-speech rights under Article I, Section 8 of the Texas Constitution." *Id*. Thus, a past injunction in an ancillary federal case should not limit an individual's freedom to make the same or similar statements in a state court case adjudicating a separate transaction because, "[g]iven the inherently contextual nature of [lis pendens] speech…the same statement made at a different time and in a different context may no longer be actionable." *Id.*

## CERTIFICATE OF SERVICE

I, Rowland J. Martin, certify that a copy of this "Advisory to The Court And Notice of Amendments To Appellant's Opening Brief," is being sent to Attorney Glenn Deadman.

Dated: January 30, 2014

_____
Rowland J. Martin